UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRUCE REMBERT,

    Defendant (D-2).

Case No. 17-cr-20582

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#48]**

**I. INTRODUCTION**

On August 9, 2018, Defendant Bruce Rembert ("Defendant") pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *See* ECF No. 34. Specifically, Defendant's Rule 11 Agreement states that Rembert knowingly conducted credit card fraud at Kmart stores with a co-defendant and made fraudulent transactions with stolen credit card information that he unlawfully stored in a joint email account. *Id.* at PageID.138-139. On February 28, 2019, Defendant was sentenced to 60 months imprisonment. ECF No. 44, PageID.258.

Presently before the Court is Defendant's Motion for Compassionate Release, filed on February 3, 2021. ECF No. 48. The Government filed a Response on March 15, 2021, but because this Court denied its request for a page extension, the

1

Government re-filed a revised Response on April 21, 2021. ECF No. 67. A hearing on this matter was held on May 20, 2021. For the reasons that follow, the Court will DENY the Defendant's Motion [#48].

## II. FACTUAL BACKGROUND

Defendant Bruce Rembert was sentenced on February 28, 2019 to serve 60 months in custody. *See* ECF No. 46. Defendant pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *Id.* The relevant conduct occurred between December 2015 and August 2017. *See* ECF No. 17. According to his Rule 11 Agreement, Rembert and a co-defendant knowingly obtained stolen credit and debit accounts from domestic and international victims to purchase gift cards at Kmart stores in Michigan and elsewhere. *See* ECF No. 34, PageID.138. The fraudulent credit information was used to purchase legitimate, third-party gift cards, and the Government alleges that the total losses in "this case alone involved over a half a million dollars." ECF No. 68, PageID.716. Defendant also admitted to using a joint email account to store stolen credit card information from illegal websites. The information, and particularly the credit card accounts, were linked to victims who lived both inside and outside of the United States. *Id.* The Government states that Rembert and his co-defendant then used the financial gains to "maximize[] their profits and open[] loyalty programs with airlines, rental cars, and even Kmart." ECF No. 68, PageID.722.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF No. 48. Defendant is thirty years old and is serving his sentence at the Federal Correctional Institute at McKean. ECF No. 52, PageID.332. According to the Government, Defendant has a projected release date of July 20, 2023 with good time credit. ECF No. 68, PageID.722. According to Defendant, however, his release date will be January 20, 2022. *See* ECF No. 48, PageID.285. Finally, according to the Bureau of Prisons database, Rembert's projected release date is July 20, 2022.

In his instant Motion, Defendant argues that his obesity and hypertension, as well as institutional circumstances, amount to compelling and extraordinary circumstances warranting his early release. ECF No. 48, PageID.287. He notes that he is currently enrolled in various courses, including the prison's non-residential drug program. *Id.* He therefore requests that the Court grant him early release from his sentence.

### III. ANALYSIS

**A. Standard of Review**

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court must address two key questions. The first is whether a defendant has first exhausted all administrative remedies with the BOP. The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), a sentence reduction is warranted.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

(A) Medical Condition of the Defendant

(ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

…

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his medical conditions, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19. ECF No. 48, PageID.292. Defendant additionally states that the 18 U.S.C. § 3553(a) factors favor his release because he has participated in various rehabilitative programs and hopes to resume working immediately upon his release, demonstrating his desire to positively move forward with his life and that he is not a danger to the community. *See id.* at PageID.297.

**B. Exhaustion**

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for

compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government states that exhaustion is not an issue in this case, and neither party makes any arguments regarding Defendant's exhaustion. *See* ECF No. 68, PageID.723. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has

provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI McKean. Rembert argues that his hypertension and obesity makes him particularly susceptible to COVID-19 while incarcerated. ECF No. 52, PageID.334. In its Response, the Government argues that Rembert's medical records do not establish that he has any confirmed medical conditions that would increase his risk of COVID-19 severity that are recognized by the Centers for Disease Control ("CDC"). *See* ECF No. 68, PageID.733. However, Defendant maintains that he suffers from both obesity and hypertension. *See* ECF No. 48, PageID.290.

Upon review of the relevant documents, Rembert's medical records do not clearly corroborate those diagnoses; numerous documents, for example, indicate medical visits where Defendant denied a hypertension diagnosis. *See, e.g.*, ECF No. 56-1, PageID.398, 405, 428. Further, a preventative health visit on May 19, 2019, indicated that Rembert was not obese, *see id.* at PageID.413, although his stated height and weight do result in a BMI above thirty, *see* ECF No. 48, PageID.290.

The CDC classifies a BMI above thirty as "overweight," not obese. *See* People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 13, 2021). Accordingly, Defendant has only demonstrated one potential risk factor, being overweight, that is recognized by the CDC as conceivably placing him at a higher risk for severe illness from COVID-19.

Given these facts, the Government's argument is persuasive because Defendant's medical records do not contain clear diagnoses for either obesity or hypertension—or any other recognized CDC risk factor—that corroborates the statements made by Rembert. *See* ECF No. 48, PageID.291-292. While the Court does not doubt the Defendant's past medical history, the absence of either diagnosis, including information about their levels of severity or any related medications, does not raise Defendant's claims beyond speculation and into compelling and extraordinary circumstances. Further, "federal courts ruling recently on motions for compassionate release have held that inmates with only one (or even several) recognized medical risk factors had not sufficiently shown extraordinary and compelling circumstances warranting immediate release from custody." *United States v. Collins*, No. 17-20360, 2021 WL 869651, at *4 (E.D. Mich. Mar. 8, 2021) (citing *United States v. Ishmael*, No. 12-155, 2021 WL 567747, at *6 (E.D. Pa. Feb. 16, 2021)). The *Collins* court specifically noted that numerous cases have held "that

obesity, hypertension, diabetes, and various combinations of the same did not establish extraordinary and compelling medical risk." *Id.*

Additionally, Defendant is thirty-five years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

Finally, Rembert's medical records indicate that he was recently administered both doses of the Pfizer-BioNTech COVID-19 vaccine. *See* ECF No. 56-3, PageID.474-475. Courts in this District have found that "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for

purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances that warrant his early release.

### 1. Determination of the 18 U.S.C. § 3553(a) Factors

As a final matter, a district court must consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction.

Here, the Court agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of the offenses; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

Here, Defendant has served only two years of his sentence after participating in a complex scheme to defraud both individuals and corporate entities for personal financial gain. The Government emphasizes that "Rembert engaged in fraud for

years but was successful because law enforcement had not learned the sophisticated nature of his crimes, [and therefore] much of his fraud was undetected." ECF No. 68, PageID.719. The seriousness of both the offense and Defendants' conduct is reflected in the sixty-month sentence imposed upon him. Additionally, the Government emphasizes that Defendant's previous crimes involving identity theft and the seriousness of the underlying offense militates against Rembert's release at this juncture. *Id.* at PageID.738. The Court notes that Defendant has a criminal history as well, including a state conviction related to fraudulent credit card transactions as well as probation violations. *See id.* at PageID.738. Even with his rehabilitative activities and courses while incarcerated, these facts together do not indicate that early release is warranted at this time.

In sum, the Court finds that granting Defendant compassionate release would inappropriately minimize the serious nature of his decision to steal the identities of innocent victims and defraud corporate institutions for monetary gain. Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

### IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion for Compassionate Release [#48] is **DENIED**.

**IT IS SO ORDERED.**

                                          s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE

Dated: May 24, 2021

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Bruce Rembert, No. 55847-039, Federal Correctional Institution McKean, 6975 Route 59, Lewis Run, PA 16738 on
May 24, 2021, by electronic and/or ordinary mail.
                                /s/ Teresa McGovern
                                   Case Manager